**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Marissa Michaud Young</u>
<u>and Archie Young</u>

     v.                                     Civil No. 23-cv-539-SE-TSM
                                      Opinion No. 2023 DNH 153
<u>Town Line Village Cooperative, Inc.;</u>
<u>Jonathan Springer; and Hodges Co.[1]</u>


**O R D E R**

Before the court is the Complaint (doc. no. 1) and a motion
to enjoin the issuance of a writ of possession and disbursal of
escrowed rent payments (doc. no. 3) from the New Hampshire
Circuit Court, 2d Circuit, District Division – Plymouth
("Plymouth District Court"), filed by pro se plaintiff Marissa
Michaud Young, naming herself and Archie Young as the
plaintiffs. The Youngs claim that they were denied a hearing and
an impartial judge in the state court eviction proceeding filed
by their Campton, New Hampshire mobile home park's owner, Town
Line Village Cooperative, Inc. ("Town Line"). The Youngs have
named Town Line; Town Line's counsel, Attorney Jonathan
Springer; and "Hodges Co." (an entity the plaintiffs allege
collects the rent for Town Line) as the defendants in this
federal case. The Complaint is before this court for preliminary

---

[1] The clerk is directed to update the docket to include all
of the parties as indicated in this Order's caption.

review under LR 4.3(d), and the plaintiffs' motion to enjoin the state court from issuing the writ of possession and disbursing rent payments is here for disposition on an expedited basis.

## Background

The Youngs live in a home in a mobile home park owned by Town Line in Campton. Town Line filed an eviction action against them for nonpayment of rent in 2023 in Plymouth District Court. See Town Line Vill. Coop. v. Young, No. 469-2023-LT-00046 (N.H. Cir. Ct., 2d Cir., Dist. Div.-Plymouth) ("Eviction Case"). The court in that action entered a default judgment on June 29, 2023, which the Youngs appealed. See id., Case Summary Index No. 21; see also Doc. No. 1-3, at 9. While their appeal was pending, the Youngs paid rent into the Plymouth District Court. See N.H. Cir. Ct., Dist. Div., R. 5.7(B). The New Hampshire Supreme Court dismissed their appeal on August 30, 2023. See Town Line Vill. Coop. v. Young, No. 2023-0440 (N.H. Aug. 30, 2023); see also Doc. No. 1-3, at 9. The Youngs filed a motion to reconsider, and the New Hampshire Supreme Court denied that motion on December 8, 2023. See Doc. No. 1-3, at 9.

On December 11, 2023, the Youngs filed a motion in Plymouth District Court to stay the issuance of the writ of possession and the disbursal of the rent payments. See Doc. No. 1-3, at 1, 10. On December 14, 2023, that court denied their motion to stay

and granted Town Line's request for disbursal of the rent payments. See Doc. No. 1-3, at 9, 10.

The plaintiffs filed this federal case on December 14, 2023, claiming a wrongful eviction and violations of their right to due process in the state eviction case. They have moved this court to stop the Plymouth District Court from issuing the writ of possession and disbursing their escrowed rent payments.

## Preliminary Review Standard

This court conducts a preliminary review of complaints filed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Claims may be dismissed sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See id. In undertaking this review, the court is mindful that pro se complaints must be construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Discussion

### I.   Subject Matter Jurisdiction

The threshold issue that must be decided in this case is whether this court has subject matter jurisdiction to consider the plaintiffs' claims. "Federal courts are courts of limited jurisdiction," Kokkonen v. Guardian Life Ins. Co. of Am., 511

U.S. 375, 377 (1994), and "[w]ithout jurisdiction[,] the court cannot proceed at all in any cause," Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, (1998). Lack of subject matter jurisdiction can be raised by the court sua sponte at any point during a lawsuit. See Fed. R. Civ. P. 12(h)(3); see also Progressive Consumers Fed. Credit Union v. United States, 79 F.3d 1228, 1230 (1st Cir. 1996).

Liberally construed, the Complaint asserts claims of a wrongful eviction and due process violations in the eviction proceeding. While they have not named any defendants that are government officials, their claims appear intended to invoke this court's federal question jurisdiction.[2]  For the reasons stated below, however, this court lacks jurisdiction to consider their claims and cannot issue the relief they seek, which would prevent the issuance of a writ of possession and the disbursal of their rent payments.

## II.  Rooker-Feldman Doctrine

The Rooker-Feldman doctrine divests this court of jurisdiction over a federal case filed by a party to proceedings

---

[2] The individual plaintiffs and Town Line's counsel Attorney Springer appear to be residents of New Hampshire. Town Line is a New Hampshire corporation that owns mobile home parks in New Hampshire. Hodges has a home office in New Hampshire and is alleged to own or manage properties in this state. The parties do not appear to satisfy the requirements for diversity jurisdiction.

in state court, where the state court proceedings ended before
the federal court case commenced, and the plaintiff in the
federal case complains of injuries resulting from the state
court rulings and "'invit[es] district court review and
rejection of [the state court's] judgments.'" Skinner v.
Switzer, 562 U.S. 521, 532 (2011) (citation omitted). Rooker-
Feldman is "quasi-jurisdictional," in that, among federal
courts, "only the U.S. Supreme Court has authority to invalidate
state civil judgments." Mandel v. Town of Orleans, 326 F.3d
267, 271 (1st Cir. 2003) (citations omitted).

    This case fits the Rooker-Feldman paradigm. Plaintiffs
filed this action seeking to undo the effect of the default
judgment in their eviction case, after the New Hampshire Supreme
Court dismissed their appeal of the default judgment. This court
lacks jurisdiction to review their due process claims
challenging the validity of the result in that proceeding, upon
which they base their request for an order preventing that state
court from issuing the writ of possession and disbursing their
rent payments. Under the Rooker-Feldman doctrine, this action
must be dismissed and their request for injunctive relief must
be denied.

### III. *Younger* **Abstention**

Alternatively, to the extent that the writ of possession has not yet issued, and the appeal period remains pending with respect to the December 14, 2023 orders of the Plymouth District Court, this court must abstain from further consideration of any of the plaintiffs' claims and dismiss this action. Under Younger v. Harris, 401 U.S. 37 (1971), federal courts are generally required to abstain from enjoining or issuing declaratory relief that would affect ongoing civil proceedings that "'implicate a State's interest in enforcing the orders and judgments of its courts,'" absent extraordinary circumstances, Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192 (1st Cir. 2015) (quoting Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 588 (2013)), if the proceeding (1) is "judicial in nature," (2) "implicates important state interests," and (3) provides an adequate opportunity for the federal plaintiff to assert his federal claims or defenses. Sirva Relocation, 794 F.3d at 196; see also Colonial Life & Acc. Ins. Co. v. Medley, 572 F.3d 22, 26 (1st Cir. 2009). The few extraordinary circumstances where abstention is not required are state proceedings brought in bad faith for purposes of harassment, state cases in which the state forum provides inadequate protection of federal rights, and circumstances where the state statute at issue in the proceedings is "'flagrantly and patently violative of express

6

constitutional prohibitions.'" Sirva Relocation, 794 F.3d at
192 (citations omitted).

Here, the underlying state proceeding involves the issuance
of a writ of possession and the disbursal of escrowed rent
payments after the entry of a default judgment. That state court
proceeding implicates the state's ability to enforce its orders.
The Younger abstention doctrine precludes this court's
consideration of the merits of the plaintiffs' claims for
relief, as such review here would interfere with that important
state court interest. Moreover, the plaintiffs have had an
adequate opportunity to raise the same issues in the state case,
and they can appeal adverse orders to the New Hampshire Supreme
Court. None of the exceptions to Younger abstention apply.[3]

## Conclusion

For the foregoing reasons, the motion to stop the issuance
of the writ of possession and the disbursal of the rent payments

---

[3] Because this action must be dismissed, and the requested
relief must be denied, for the reasons stated in this Order,
this court need not consider whether the Anti-Injunction Act, 28
U.S.C. § 2283 provides an independent, alternative basis for
dismissing the case and denying the relief requested. Cf. Rovito
v. N. Andover Avalon, Inc No. 23-cv-11404-DJC, 2023 U.S. Dist.
LEXIS 181810, at *1, 2023 WL 6610756, at *1 (D. Mass. Oct. 10,
2023) (Anti-Injunction Act prevented federal court from
enjoining pending state landlord tenant action, where tenant had
claimed in federal court that she was being wrongfully evicted
and that the state court had violated her due process rights by
not scheduling a hearing).

is DENIED, and this case is dismissed for lack of jurisdiction.

The clerk is directed to enter judgment and close this case.

     SO ORDERED.

                              _____
                              Samantha Elliott
                              United States District Judge

December 20, 2023

cc:  Marissa Lynn Michaud Young, pro se
     Archie Young, pro se